FILED
United States Court of Appeals
Tenth Circuit

May 4, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROSA AMELIA AREVALO-LARA,

      Petitioner,

v.

JEFFERSON B. SESSIONS, III,
United States Attorney General,

      Respondent.

No. 17-9534
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

    Petitioner Rosa Amelia Arevalo-Lara is a native and citizen of Guatemala who

entered the United States illegally. She applied for asylum, restriction on removal,[1] and

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Restriction on removal was referred to as "withholding of removal" before amendments made to the Immigration and Nationality Act made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Although the parties, the immigration judge, and the Board of Immigration Appeals refer to withholding of removal, because this claim was filed after 1996, we use the term "restriction on removal" throughout this Order and Judgment.

relief under the Convention Against Torture (CAT).  The immigration judge (IJ) found

that Arevalo-Lara was not entitled to relief.  The Board of Immigration Appeals (BIA)

affirmed the IJ's decision and dismissed Arevalo-Lara's appeal.  We agree with the

BIA's decision and deny the petition for review.

## I.  BACKGROUND

*The IJ's Decision*

Arevalo-Lara was placed in removal proceeding when she attempted to enter the

United States without authorization in 2010.  She conceded removability, but argued for

asylum, restriction on removal, and relief under CAT.  At her hearing in 2012,

Arevalo-Lara maintained that she suffered past persecution and feared future persecution

on account of her membership in a particular social group, which she defined as

"Guatemalan women who are unable to leave their relationships or who are viewed as

property by their domestic partners."  R. at 138.

Based on Arevalo-Lara's testimony at the hearing, the IJ made the following

findings of fact:

- She was 24 years-old and living in Guatemala City when she began living with a man 16 years older than her.  They had one son together, but never married.

- Shortly after she began living with the man, she noticed that he was engaged in illegal activity associated with his membership in a gang.  She joined him in illegal activity when the man threatened to harm their son.

- During this time, the man also forced her to engage in sexual relations with a variety of men.  She bore a second son (father unknown) as a result of one of these encounters.

- She left the man and lived elsewhere with both children for two years without

2

incident, until she took her first son on a trip with her to Guatemala City to visit her sister. During the visit, she was captured by the man and conscripted into illegal activity. She kept her first son with her, and left her second son in the town where she had been living for the previous two years.

- She left the man for the second time when he ordered her to deliver money and drugs to a rival gang member. Rather than make the delivery, she kept the money (about $1000), and moved with her first son to a town several hours away from Guatemala City.

- She used some of the money to obtain a passport. She also applied for a visa to enter the United States, which was denied. After living in this town for about a year without incident, she decided to go to the United States.

- Leaving her two children behind, she used the remaining money to make her way to the United States.

The IJ denied asylum and restriction on removal because Arevalo-Lara failed to prove she was a *member* of a particular social group, and regardless, she failed to prove that she could not reasonably relocate internally within Guatemala. And the IJ denied relief under CAT because there was no evidence that Arevalo-Lara would more likely than not be tortured at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity upon her return to Guatemala.

### The BIA's Decision

The BIA affirmed the IJ's decision and dismissed Arevalo-Lara's appeal. The BIA assumed for purposes of appeal "that the physical, sexual, and emotional abuse that she suffered in Guatemala rose to the level of persecution within the meaning of the [Immigration and Nationality Act (INA)]." *Id*. at 3. It further assumed that her proposed social group—Guatemalan women in a domestic relationship who are

3

unable to leave or viewed as property by their domestic partners—is cognizable under the INA. The BIA determined, however, that Arevalo-Lara failed to "demonstrate[] that she is a *member* of the group, or a group that is substantially similar to the one that we found cognizable in *Matter of A-R-C-G-*, 26 I. & N. Dec. 388, [392] (BIA 2014) (holding that 'married women in Guatemala who are unable to leave their relationship' is a cognizable particular social group.)." R. at 4 (emphasis added). In particular, the BIA noted the lack of any evidence that she was unable to leave ("the record reflects that she twice successfully left him, and that she has not had any problems with him since leaving him for the second and final time)," *id*., or the man viewed her as his property ("there is no evidence that he expressed this view to her, and . . . she was able to leave the relationship"), *id*.

As further grounds to dismiss Arevalo-Lara's appeal, the BIA found that she "has . . . not met her burden of proving that she cannot reasonably relocate internally." *Id*. After she left the man for the second time, "she moved to another town in Guatemala several hours away from her ex-partner, and lived there without incident for almost a year before leaving for the United States," *id*., and "there is no evidence that she was in hiding during that time, or that her ex-partner attempted to find or harm her," *id*.

4

## II. STANDARD OF REVIEW

When, as here, "the BIA . . . conduct[s] a three-member panel review, . . . the BIA opinion completely supercedes the IJ decision for purposes of our review." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir. 2006).

"We consider any legal questions de novo, and review the agency's findings of fact under the substantial evidence standard." *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). "Under that test, our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Id.* The substantial evidence standard is "highly deferential." *Wiransane v. Ashcroft*, 366 F.3d 889, 897 (10th Cir. 2004). In reviewing the agency's factual findings, we do not determine how we would decide the issue de novo or whether any reasonable factfinder could find for Arevalo-Lara. Instead, under the deferential substantial evidence standard, we must affirm the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Uanreroro*, 443 F.3d at 1204 (internal quotation marks omitted).

## III. ANALYSIS

Arevalo-Lara bears the burden of proving her eligibility for asylum and restriction on removal. 8 U.S.C. § 1158(b)(1)(B) (asylum); *id.* § 1231(b)(3)(C) (restriction on removal). To qualify for asylum, she must establish that she is a refugee, defined as any person who is unwilling or unable to return to her home country "[b]ecause of persecution or a well-founded fear of persecution on account of

5

race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Where an applicant establishes past persecution on account of a protected ground, the alien "shall also be presumed to have a well-founded fear of persecution on the basis of the original claim," except under limited circumstances that have no application to Arevalo-Lara's case. 8 C.F.R. § 1208.13(b)(1).

Even when the applicant has suffered past persecution, the claimed or presumed fear of future persecution may be rejected if "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . [and] under all the circumstances it would be reasonable to expect the applicant to do so." *Id*. § 1208.13(b)(2)(ii).

To be entitled to restriction on removal, an applicant must show a "clear probability of persecution on account of one of the statutorily protected grounds." *Uanreroro*, 443 F.3d at 1202 (internal quotation marks omitted). A "clear probability" means the persecution is "more likely than not" to occur upon return to the country of removal. *Woldemeskel v. INS*, 257 F.3d 1185, 1193 (10th Cir. 2001). "Applicants who cannot establish a well-founded fear under asylum standards will necessarily fail to meet the higher burden of proof required for [restriction on] removal." *Uanreroro*, 443 F.3d at 1202.

On appeal, Arevalo-Lara confines her argument to whether her proposed particular social group of Guatemalan women who are unable to leave their domestic

6

partnership is cognizable under the immigration laws. This argument ignores the BIA's decision, which assumes the proposed group is legally cognizable, but found no evidence to support Arevalo-Lara's membership in the group. Under the deferential substantial evidence standard, we must affirm the agency's factual findings because there are no facts to compel a different conclusion. *See Uanreroro*, 443 F.3d at 1204.

The BIA further determined that Arevalo-Lara failed to meet her burden to prove that she could not avoid future persecution by relocating to another part of Guatemala, and that it would be unreasonable for her to do so. In particular, the BIA cited evidence that Arevalo-Lara "moved [from Guatemala City] to another town in Guatemala several hours away from her ex-partner, and lived there without incident for almost a year before leaving for the United States." R. at 4. Arevalo-Lara does not cite to any evidence that would compel a reasonable adjudicator to reach a different conclusion. As such, we must affirm the agency's findings. *See Uanreroro*, 443 F.3d at 1204.

Last, Arevalo-Lara states in a conclusory manner that she seeks review of the BIA's decision denying her relief under CAT. She has waived this argument, however, because she failed to develop any argument in her brief. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised or are inadequately presented in an appellant's opening brief.").

The petition for review is denied.

Entered for the Court


Allison H. Eid
Circuit Judge